Brooke, J.
I concur with judge Baldwin in dismissing the bill as to Terrell; and I go farther; I think the bill ought to be dismissed as to Jennings also. I am satisfied by the evidence in the record that Pettit combined with Jennings in misrepresenting to Overton the agent of Terrell the consideration of the bond. I think both joined in representing the bond as for valuable consideration, and that Pettit is entitled to no relief against Jennings in a court of equity, but that if, after paying the amount of the debt to Terrell or his representatives, he has any redress against Jennings, it must be in a court of law, under the third section of the act against gaming. He prays for no relief against Jennings in his bill; nor is the case like that of Dade's adm'r v. Madison, 5 Leigh 401. in which the court decreed in favour of the loser against the winner. There was no combination in that case between the winner and loser to impose the note on Tankersley as a valid note. In the cases of Buckner &c. v. Smith &c. 1 Wash. 296. and Hoomes v. Smock, 1 Wash. 389. no such relief was given. As to the question whether Terrell is to recover no more money than his agent Overton paid for the bond, in none of the cases referred to was such a proposition hinted. There is no evidence in the record of what was given for the bond, nor do the pleadings make any such issue. The presumption, until the contrary appears, is that Terrell gave full value for it.
*704 Cabell, P. expressed his concurrence in the opinion of Baldwin, J.
The decree of the court of appeals was entered in the following terms :
The court is of opinion that the appellant has shewn no equity against the defendant Terrell, and consequently that there is no error in so much of the decree of the circuit court as dissolves his injunction and dismisses his bill as to that defendant. It is therefore ordered and decreed that so much of said decree as aforesaid be and thfe same is hereby affirmed, and that the appellant do pay to the appellee Terrell his costs by him expended in the defence of the appeal aforesaid here. But the court is further of opinion that said decree is erroneous in dismissing the appellant’s bill as to the defendant Jennings, instead of retaining the sam'e until payment by the appellant to the defendant Terrell of the principal money and interest in the proceedings mentioned, in order to the rendition then of a decree therefor in favour of the appellant against the defendant Jennings, subject to a credit for such amount of the consideration paid by Terrell to Jennings for the assignment of the appellant’s bond, as has come to the hands of the appellant; and that, with a view to such a decree, there ought to have been a reference to a commissioner, to ascertain what amount of the money received by Jennings from Terrell for the assignment did come to the hands of the appellant, and whether it came to his hands as a loan from Jennings, or without accountability therefor, and in the former case what are the assurances held by Jennings for such loan ; and that if it should appear to be a loan, Jennings should be compelled to surrender his claim and assurances therefor. It is therefore further ordered and decreed, that so much of said decree of the circuit court as conflicts with the opinion above declared be and the same is *705 hereby reversed and annulled, and that the appellant • , 1, T • I • , , . recover against the appellee Jennings bis costs by him expended in the prosecution of his appeal aforesaid here. And the cause is remanded to the said circuit court, for further proceedings therein according to the principles above expressed ; and leave is to be there given to the plaintiff and the defendant Jennings, if requested by either, to amend their pleadings, in order that the court may be better enabled to render a final decree between them.